IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VANDER DAVIS, #323-484 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No. DKC-17-3521 |
| | * | |
| MARYLAND CORRECTIONAL | * | |
| INSTITUTION, JESSUP, | * | |
| BOGUCKI ZYGMUNT, *Physician's Ass't.,* | * | |
| MICHAEL GUA, *Ass't. Nurse,* | * | |
| BARBARA STEELE, *Head Nurse*, | * | |
| YONAS SISAY, M.D., | * | |
| VIVIAN LEE BAILEY, *Case Manager*, | * | |
| WEXFORD HEALTH SOURCES, INC., | * | |
| MARYLAND DEPARTMENT OF PUBLIC | * | |
| SAFETY AND CORRECTIONAL | * | |
| SERVICES, and | * | |
| CARROLL PARRISH, | * | |
| | * | |
| Defendants. | * | |

***

**MEMORANDUM OPINION**

Self-represented Plaintiff Vander Davis filed a motion to alter or amend judgment which seeks to vacate the order dismissing this case and to obtain leave to amend his complaint. ECF No. 42. The medical and state defendants filed separate responses opposing the motion for reconsideration. ECF Nos. 43, 44. The issues are briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for relief from judgment will be denied.

**I.     Background**

The court granted the medical defendants' motion to dismiss, the state defendants' motion to dismiss, or in the alternative for summary judgment, dismissed Plaintiff's § 1983 claims with prejudice, dismissed Plaintiff's state law claims without prejudice, granted the State Defendants' motion to strike plaintiff's surreply, and closed this case on August 29, 2018. ECF No. 41.

Plaintiff filed this motion to alter or amend judgment pursuant to Fed R. Civ. P. 59(e) on September 17, 2018.

Plaintiff, who is presently an inmate at Roxbury Correctional Institution, initiated this case on November 27, 2017, by filing a complaint that presented claims arising from the time he was incarcerated at the Maryland Correctional Institution-Jessup (MCI-J). The complaint alleged MCI-J had defective plumbing, inadequate toilets, and polluted drinking water "toxic to human health," and Plaintiff was exposed to flooding and human waste. Compl. ECF No. 1 at 11. The court dismissed Plaintiff's claims arising before November 27, 2014, as time-barred. The claims against DPSCS, MCI-J, and the individual state defendants in their official capacities were dismissed for failure to state a claim on which relief could be granted, ECF No. 40, at 11, 13. Further, the court found that Plaintiff failed to state a claim because he failed to allege any personal participation by Defendant Parrish. Plaintiff likewise failed to state a claim against Defendant Vivian Bailey as the sole reference in the complaint to her was that she contacted medical staff after Plaintiff complained to her on November 1, 2012, about his ongoing ear discharge. Moreover, even if Plaintiff had raised a plausible claim against Bailey, the allegation was time barred. ECF No. 40, at 14-15.

The complaint faulted the medical defendants for "failure to inquire into facts necessary to make a professional judgment, failure to carry out medical orders, judgment so egregiously bad that it really isn't medical," for environmental health and safety conditions which caused his ear infection, and for failing to treat his ear infection. ECF No. 1 at 10-11. The court dismissed Plaintiff's claims against the medical defendants as time-barred. ECF No. 40 at 11.

## II. Motion for Reconsideration

### A. Standard of Review

A motion filed pursuant to Fed. Rule of Civ. Proc. 59(e) "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F. 3d 403, 411 (4th Cir. 2010). "Mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F. 2d 1076, 1082 (4th Cir. 1993). The rule enables a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 496, 403 (4th. Cir. 1998) (quoting 11 Wright, et al., Federal Practice & Procedure § 2810.1, at 127–28 (2d ed. 1995)); *see also Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 470 (D. Md. 2002), *aff'd*, 86 Fed. Appx. 665 (4th Cir. 2004) (citation omitted) ("To the extent that Plaintiff is simply trying to reargue the case, he is not permitted to do so. Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized."). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.* 148 F.3d at 403 (quoting *Wright*, et al., *supra*, § 2810.1, at 124).

"[A] post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered." *Laber v. Harvey*, 438 F.3d 404, 427 (4th. Cir. 2006); *Matrix Capital Mgmt. Fund, LP v. Bearingpoint, Inc.*, 576 F.3d 172 (4th Cir. 2009). When a party moves for leave to amend a complaint, the court "should freely give leave when justice so

3

requires." Fed. R. Civ. P. 15(a)(2). A motion for leave to amend should be denied only if one of the following has been established: (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith by the moving party; or (3) the amendment would be futile. *Mayfield v. National Ass'n for Stock Car Auto Racing, Inc*, 674 F.3d 369,379 (4th Cir. 2012); *Matrix Capital*, 576 F.3d at 193.

### B. Discussion

Plaintiff's motion for reconsideration asks for leave to file an amended complaint to add J. Phillip Morgan, Warden of MCI-J and Dayena Corcoran, Commissioner of Correction to "overcome deficiency and add true party." ECF No. 42 at 2, 6.[1] He explains he originally named Carroll Parrish as Warden of MCI-J, but has determined J. Phillip Morgan is Warden at MCI-J. He alleges it is a "fact that Dayena Corcoran is now the MD DPSCS Commissioner of Corrections, who in fact has prejudiced herself on a lot of issues concerning MCI-J- to wit its water and hearing impaired inmates like myself." ECF No. 42 at 6. Plaintiff refers to exhibits he submitted previously with the complaint and his opposition to the medical defendants' dispositive motion and repeats allegations that the water at MCI-J is unsafe and caused his ear infection. ECF No. 42 at 2-3, 5, 8. Plaintiff also takes issue with the decision to strike his surreply and seems to attempt to reintroduce the information it contained. ECF No. 42 at 9.[2] He asserts he did not intend to amend the complaint in his surreply. ECF No. 42 at 9.

---

[1] Counsel for the state defendants notes that on September 1, 2018, Dayena Corcoran retired as Commissioner of the Maryland Division of Correction. ECF No. 43.

[2] Local Rule 105.2 (a) provides that "[u]nless otherwise ordered by the court, surreply memoranda are not permitted to be filed." A surreply may be permitted "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve,* 268 F.Supp.2d 600, 605 (D. Md. 2003) (citation omitted). In this case, the court did not order a surreply.

4

Plaintiff wholly fails to address the three limited grounds for reconsideration under Rule 59(e). The motion for reconsideration merely reiterates arguments previously rejected by the court in its Memorandum Opinion without identifying an intervening change of controlling law, new evidence, or a need to correct clear error or prevent manifest injustice. Plaintiff provides no grounds to meet the high bar for reconsideration.

The state and medical defendants argue that the proposed amendment, adding J. Phillip Morgan, Warden of MCI-J and Dayena Corcoran, former Commissioner of Correction, would be futile. A district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (internal quotation marks omitted). An amendment is futile when the proposed amended complaint does not state a claim under Fed.R.Civ.P. 12(b)(6). "Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). Plaintiff does not demonstrate how adding these individuals as defendants overcomes the time-bar that applies to his claims or adds state officials who were personally involved or culpable based on supervisory liability. The proposed amendment fails to state a claim under the Federal Rules.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration and to amend the complaint will be denied. A separate Order will follow.

April 9, 2019

          /s/
DEBORAH K. CHASANOW
United States District Judge